**Scott Antonio HUDSON,**
**Plaintiff–Appellant,**

v.

**LINCOLN COUNTY, TENNESSEE,**
**et al., Defendants,**

Jimmy Mullins; Jim Davis, Jail Administrator; Chris Thornton, Assistant Administrator, Defendants–Appellees.

No. 01–6155.

United States Court of Appeals,
Sixth Circuit.

June 20, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

ORDER

Scott Antonio Hudson appeals pro se from district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hudson primarily alleged that his rights were violated during his incarceration in a Tennessee jail, because he was placed in segregation without a disciplinary hearing. The district court granted the defendants' motion to dismiss on August 8, 2001. *See* Fed.R.Civ.P. 12(b)(6). It is from this judgment that Hudson now appeals, moving for the appointment of counsel on appeal.

A *de novo* review of the record shows this case was properly dismissed because Hudson did not allege a cognizable claim. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

Hudson alleged that he was initially placed into administrative segregation because he was accused of concealing a law book that belonged to the jail library. He was then placed in disciplinary segregation when he threw a tray of food on the floor. He alleged that he was denied due process because the defendants did not hold a hearing before he was placed in segregation.

The district court properly rejected this claim because it did not involve an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Moreover, Hudson has not shown that his placement in segregation "will affect the overall duration of [his] sentence." *Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998). Thus, he has not shown that he had a constitutionally protected liberty interest that gave rise to extensive due process protections. *See Sandin,* 515 U.S. at 485–86; *Jones,* 155 F.3d at 812–13. We have considered Hudson's arguments to the contrary, and they are all unavailing.

Hudson also alleged that the conditions in segregation violated his right to be free of cruel and unusual punishment because the segregation unit was cold and because he did not have access to newspapers and the use of a television. Without more, these allegations simply do not rise to the level of a viable Eighth Amendment claim. *See generally Walker v. Mintzes,* 771 F.2d 920, 925–26, 932 (6th Cir.1985).

Finally, Hudson argues that the district court should have ruled on his motion for counsel before entering a judgment against him. The court did not abuse its discretion in this regard because Hudson does not have a constitutional right to counsel and because the pleadings plainly indicated that he was not entitled to relief. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993).

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Accordingly, Hudson's motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.